Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning and welcome to this third day of our oral argument session. We were supposed to be in Atlanta, of course, but the virus has sort of changed things for us. Our first two days of Zoom arguments I think have gone pretty well, and we hope that will be the case today, too. So Judge Lagoa, Judge Brasher, and I are very happy to welcome all of you to our session. You have a timer on the screen, which will start green. When that timer goes to yellow, that means that your time is about to finish, so you should begin wrapping up. If we take you beyond your time into the red, then don't worry about it. You're on our time and not yours. And with that, we're ready to begin. Our first case is number 19-11943, Sullivan v. Everett Cash Mutual Insurance Company. Ms. Farrell. Good morning. May it please the court, my name is Stacy Farrell. I am counsel for the Everett Cash Mutual and Cindy Sullivan. The Sullivans are Georgia poultry farmers and local property owners who sued the Sullivans and other farmers alleging various liability claims from farming operations. The Pele Everett Cash Mutual was the commercial property and liability insurer for the Sullivans. They denied immediately a defense and an indemnity to the Sullivan within days after receiving notice of the first liability suit arising from the farming operations. The Sullivans were forced to decide whether to provide their own defense or to go undefended in the underlying actions. After ECM rejected the Sullivans' bad faith demand, the Sullivans filed suit against ECM while they were defending themselves in each of the underlying liability actions. Due to the ongoing harm of having to defend themselves and continuing to pay for their defense and the uncertainty of having to do that in the future for an unknown amount of time, the Sullivans filed a declaratory judgment action against ECM to address the ongoing uncertainty and the ongoing harm they were experiencing as a result of ECM's breach of the contract in bad faith. And then also to address the past harm of the denial, the Sullivans' claims included a breach of contract in bad faith. There are two undisputed facts here that are critical in each of the issues before the court today. The first critical fact is that it is undisputed that the Sullivans had a pending underlying and pending underlying liability suits against them at the time they filed their coverage action against ECM. This is of legal significance because as a result, the Sullivans had an absolute and undisputable right to file a declaratory judgment action against Everett Cash Mutual. May I ask you a question, a procedural question? The underlying action against the Sullivans was not stayed correct in state court? It was not. Okay, thank you. And the Argonaut decision by the Georgia Supreme Court, the 1989 Argonaut decision that's in the briefing, gives the Sullivans this right. Argonaut is squarely on point here. It involved a policyholder who had been denied a defense. They also had a breach of contract action pending against the insurer. And the Argonaut decision stated that the insured had the right to file that declaratory judgment action as a result. And then 2001 Edmund versus Continental Insurance Company recognized Argonaut for that very point and found that a defendant in a pending action and insured can maintain a declaratory judgment against its insurer, particularly on the obligation of the insurers duty to defend like we have here. Since the beginning of this litigation in 18, ECM has misapplied Georgia law and mischaracterized Georgia law to state that once a denial is issued by the insurer, it's a dead issue. There's no right to file a declaratory judgment action. That's not the case in Georgia. That's not the case in federal law. They rely on Empire State Marine. Miss Farrell, can I stop you for a second? Yes. Those declaratory judgment issues are merits issues. And your first argument, I think, is a jurisdictional one. And that is whether or not the district court properly exercise diversity jurisdiction by realigning the parties. Is that right? It is. I'll move on. No, no, I you you handle the argument as you see fit. But I certainly want you to spend some time discussing the realignment of the parties and the contention or finding that the greens and Gilbert's are nominal parties who can be disregarded. Thank you, Your Honor. So the reason the declaratory judgment is important and because of these and the fact the undisputed fact of the underlying litigation and the absolute right to file the declaratory judgment is under Georgia law. As the court is aware, it is required that the third party claimants also be included in the coverage declaratory judgment action. Are they included as indispensable parties? Yes, they are. They're included as proper and indispensable parties because Georgia law finds that a declaratory judgment is right for dismissal if it does not involve and include his named party, all the potentially interested persons in the insurance contract. So here the Sullivan's what's the best? What's the best Georgia case for that proposition? That is the Johnson case. And in fact, the court's own recent decision, the 2019 decision, if you'll give me just a moment, cited Johnson in a similar case just like this where the insureds were Georgia citizens and the third claimant parties were as well. And under St. Paul Fire and Marine Insurance Company, the Johnson Supreme Court case of 1960, third party claimants in underlying suits are required as parties. The Northern District of Georgia 2019 decision and Robinson versus Castile squarely was on this particular issue with the Northern District of Georgia court said, because of Johnson and relying on Johnson, when you have a proper declaratory judgment action, like we had in this case, that the third party claimants are necessary, they're not indispensable, they're not nominal, and they're not fraudulently joined. And removal was not proper because there was no diversity as a result. Yes, Robinson versus Castile is 407 F sub 3d 1324 Northern District of Georgia, July 9 2019. And how about the Johnson, the Johnson case? That is Georgia Supreme Court case 216, Georgia 437. What about the realignment of the parties? What do you say about that? So the lower district court to respond to a realigned the parties based on that scabia hills, General Fidelity Insurance Company, the 11th Circuit 2012 case, the court realigned the parties stating that because the third party claimants should have been aligned with the policyholders here, the Sullivan's, and because of that, there was diversity, all Georgia residents on one side being plaintiffs, and then ECM being the only party positioned as defendants. The reason that was in error was because the scabia hills is when you have a judgment already in place. And in fact, in the scabia hills, the underlying plaintiff was armed with a final judgment and actually filing suit against both the insurer and the insured. The court realigned the insured with the claimant, but the judgment was already in hand. That was not the case here. And in fact, the same lower district court recognized, acknowledged and applied this particular distinction that the scabia hills is distinguishable and does not apply when there are underlying actions pending against the policyholder at the time of the declaratory judgment. Is that because if you have an underlying judgment already, then the assumption is that the parties are going to be aligned because the party who the judgment is against obviously would prefer for the insurance company to pay that judgment? Yes, the parties are aligned in that. And in Sinclair versus auto owners insurance company is the same district court's decision stating that, stating that the scabia hills is distinguishable and shouldn't be applied where you have ongoing actions against the defendant because to align, and it's right on point, to align third party claimants with policyholders in cases where there are pending underlying claims that remain the same that the property owners here were suing the Sullivan's for different court claims. And Sinclair even says that the interests are not there because third party claimants would be fine with the policyholders not getting a defense, going into default, and proceeding with litigation with the defaulted policyholder. Okay, Ms. Farrell, thank you very much. You've saved all of your time for rebuttal. Thank you. May it please the court. Ms. Glickoff, tell me if I'm pronouncing your name correctly. You are. Okay, go right ahead. Thank you. May it please the court. My name is Stephanie Glickoff and I represent the Appellee Everett Cash Mutual insurance company in this matter. And there are three orders that are at issue in this appeal. There's an order related to the remand, the motion to remand. There's the order related to the declaratory judgment dismissal and the order related to the judgment on the pleadings. Can we discuss the remand first, obviously, because if that's incorrect, then we don't have to address the others. Yes, your honor. And that was the order I was going to take on. I was going to address the remand first. And then I was going to skip to the judgment on the pleadings because I think even if the declaratory judgment action is proper, the judgment on the pleadings would address all those issues. So the remand, the underlying court determined that typically when you have a declaratory judgment action, most times it's filed by an insurance company. They've agreed to defend an underlying, an insured and an underlying liability action. And they file their action and they will name, they're insured and they will name the underlying claimants because they don't want those claimants to come back afterwards if they win and then say, well, we have a right to this money and under some sort of garnishment of the policy, which is permitted in Georgia. The district court pointed out in this case that specific idea that that's typically how we see these. The appellant argued that the district court should have applied the Sinclair versus auto owners case. And that case was actually decided by the very judge that decided this. So we have no reason to believe that the judge didn't consider that case and decide that it was not applicable. He wrote the realigning. The parties is, is that it's not enough to just to look at the, at the pleading, you have to do a thorough analysis. And can we really say that a thorough analysis we've done in this case? I mean, this is a case where there, you still have pending litigation between the parties. They're clearly adverse still just because maybe at some point they may be on the same side against the insurance company. It doesn't mean at that moment in time, they are, isn't that correct? They are adverse in the liability action. However, they are not adverse in the coverage action. They have the same goal in the coverage action, which that's only, but that's only on the indemnity side, not on the duty to defense side, because the, the greens and the Gilbert's probably prefer that Everett cash not provide counsel to the Sullivans. They'd probably, they'd probably rather litigate against pro se parties that have attorneys funded by the insurance company. And so that's why Sinclair and a number of other district court cases from our circuit say that scenario presented here is different. It's not necessarily the case that everyone is aligned against the insurance company. And the odd thing for me is that, as you mentioned, the same district judge wrote Sinclair and yet does not even attempt to distinguish Sinclair in the order in this case. And that just seemed very odd to me because Sinclair seems to be more squarely on point with the facts presented here. There are two issues that I want to address in response to that. One is the idea that the, underlying claimants would have, would not want the greens or Gilbert's to have a defense provided by the insurance company. I believe that the underlying plaintiffs technically do not have an interest whatsoever on the defense of the, a legal interest whatsoever regarding the defense of the, of the underlying defendant of the cell. But you can't, you can't just align a party for one cause of action. I mean, don't, doesn't the alignment have to be for all the causes of action that are raised? I mean, is that, are you making the argument that it's sufficient just to have an alignment on one cause of action? Not at all. I'm saying they don't have an interest and therefore are nominal party as to any other cause of action. Well, how are they not an indispensable party under, under the rules? Because they don't, the, the, the second prong that I was going to address was the fact that while the underlying case is pending, that the issue is not whether the case is the liability case is pending is whether the insurance company has, has drawn the line in the same way they've to defend in the, in the cases where a declaratory judgment has been permitted to go forward. When an underlying, where an underlying case is pending, it is not clear whether the insurance company has, has given a position regarding the defense. So here the issue is not whether the liability action is stayed, whether it's reached judgment, whether it's still going on. The issue is whether the insurance company has either agreed to reserve their rights and defend and, and it's unclear about whether there'll be ultimately a duty to indemnify or whether the insurance company has drawn the line in the sand and said, we don't believe there's coverage. We're not going to defend or indemnify. Once that happens, then the insured has the right to file a breach of contract action because at that point, the insurance company has, has essentially made their bed, right? So they've either, they've either made their bed and they're correct. They've either made their bed and they're wrong and there is coverage, or they've made their bed and they're really wrong. And not only is there in coverage, there's coverage, but they're in bad faith. In this case, Everett Cash decided early on that there's not coverage under their policy for these claims. Therefore, there's no, there's no decision to be made. There's no uncertainty. The law in Georgia is very clear with regards to declaratory judgment actions that, that the, that they're only viable when there is uncertainty, when it's not an advisory opinion. An insurance company, I understand this declaratory judgment action was filed by the insured. However, if Everett Cash, for example, had denied coverage. Are you suggesting, because I'm just kind of curious, is your suggestion that an insurance company that denies coverage cannot file a deck action themselves in federal district court after they've denied coverage saying, we're not sure we've denied coverage, but we're not sure? That is accurate under Georgia law and federal law, yes. That they, because there's no uncertainty, such would be an advisory opinion. At that point, they've got to sit back and wait and see if they get sued for breach of contract in bad faith. They, they, they couldn't turn around. And what, what is your best case that stands for that proposition? The, the cases that stand for that proposition. We believe that, that the Empire Fire and Marine versus Metro Courier Corp 234 Georgia appeals 670 is directly on point to this case. What was the code site again? I'm sorry. Uh, it's 234 Georgia appeal 670. It's a 1998 case. And what, what federal district, what federal case stands for that proposition as well? So we don't believe that federal law should apply to the declaratory judgment action. The reason being is that the federal declaratory judgment act was not raised in the underlying matter. And it's not an issue here. The federal declaratory judgment act in and of itself doesn't confirm jurisdiction under its own language. If it did, we would have just removed on a federal question. Whether a case is determined under federal laws is set by the complaint here. The complaint references Georgia law. Only jurisdictional questions can be raised for the first time on appeal. That's per the Simanonuk versus CIT case 731 F second 743. So that since this was not raised below, it shouldn't be at issue in this court under the federal act. However, in Wright versus Wells Fargo found at 215 Westlaw 12159206 Northern district of Georgia case, it indicated that a declaratory judgment action was duplicative of a breach of contract action. 11th circuit case of tiller versus state farm uh found similarly um the case the only case cited by plaintiffs uh to to refute this is the les java case um which first of all seems to be an outlier among cases and second of all involves uh in entities um future obligation to pay a mortgage and in other words the mortgage company was alleged to have breached his contract and then the plaintiff wanted to know well in light of that do I have to continue to pay uh my mortgage payments here there's no question regarding continuation so not only do we believe that this needs to be determined under Georgia law which is very clear on this issue but also that federal law would hold the same so can I ask you to turn back to one of the remand issues please and address our old decision in ranger insurance company with regards to whether or not the greens and gilberts are nominal parties yes your honor um the the ranger case was a case that um was filed by an uh was filed by an insurer um and it was to determine whether or not uh a judgment needed to be paid um the marisher versus orange and blue construction is 11th circuit case that is is uh more on point here and it addresses that the the underlying plaintiff's citizenship's not necessary for determining diversity because they're a nominal party the the solvents here kind of want it both ways they want to make an issue of the case being pending when it works for them and they want to make an issue about the case uh you know be not having a judgment when it when it works for them or having a judgment when it works for them also so they want to ignore the cases that that say well you they have an interest in the judgment when when it's beneficial to them so the marisher versus orange and blue construction cases is a case that's far more on point than the ranger case in this um and and makes it clear that not only are they nominal but they should be realigned and frankly the only matter uh that the the only issue that the greens and gilberts are even mentioned in the complaint is that they are said to quote unquote have an interest in the count related to declaratory judgment and um because because they don't have an interest um either they have an interest and therefore the the declaratory judgment is not proper or they don't and and it can't be the plaintiff can't have it both ways um the last issue that i would like to address because i think that the coverage issues are significant such that the the declaratory judgment action um would be decided in our favor assuming that the the remand was correctly decided which we believe it was then regardless of whether the declaratory judgment action is proper or not if there's no coverage we would win on the declaratory judgment count and thus for my last um minute and a half i'd like to address the accounts of the coverage issues the cover the the main coverage issues here are whether or not there's property damage and whether the pollution exclusion applies um the case law is very clear that those both apply here um the the the complaints the the nuisance the trespass those issues are clearly related to pollutants off this farm as defined by the law and the policy that's been supported by this court another federal court um property damage is is purely economic damage which has also been deemed by several courts not to be not to be property damage under the policy plaintiffs claims that those defenses have been waived uh however it's very clear under the law that you can't waive coverage defenses these do not relate to policy defenses these do not relate to cooperation or um or notice uh therefore the the hoover case should not be read so broadly as the appellant is attempting to do um and the these defenses that that would otherwise create coverage have not been waived um and therefore we ask that this court affirm the ruling made by the district court on all three of the relevant orders find that the case properly belongs in federal court that the declaratory judgment action is not proper and that the coverage finds in favor of the insurance company and thus even if the declaratory judgment is proper um it should be found in our favor thank you right thank you very much miss farrell you have your remaining time for rebuttal thank you to go back uh to appellee's point on empire fire and marine empire fire marine the crooks of that opinion is that the declaratory judgment was not appropriate because uh there was an arbitration award already entered in fact that decision says that that judgment was a death nail in the right for declaratory judgment to suggest anything otherwise is is misrepresenting and misinterpreting the case empire in that case conceded that it was the same what what the issues that had been arbitrated were the same correct yes and the the important there was there was no disputing that there was a judgment in the case and that is the crooks of empire fire uh the georgia supreme court case argonaut is exactly here where you have um empire is not a georgia supreme court case it's an intermediate appellate court in georgia correct correct and there is no georgia case that i have found or a federal case in this circuit that takes away the insurance right to declaratory judgment action uh because of a denial and in fact the robinson castile case that i gave earlier the july 9th 2019 case is just this um the policyholder uh filed for declaratory judgment action the insurer tried to remove it uh claiming these same arguments fraudulent joinder nominal parties dispensable and the northern district of court dismissed all of those and and dismissed them almost out of hand and said that because in georgia law based on the st paul versus johnson case defendants uh third party claimants are proper parties they're not indispensable for diversity purposes and when they're not diverse from the policyholder then uh there there is removal is improper and there's remand the other thing is is that ever cash mutual above and beyond their um their substantive uh issues and and challenges to removal their their notice in and of itself was wholly defective um and and that uh that in and itself above and beyond this uh should have precluded removal and this case uh have been remanded now uh apolli makes uh an issue out of whether state or federal law applies here the proper analysis for that is that pre-removal because this action was filed in georgia state court and it was filed under the georgia declaratory judgment act the georgia declaratory judgment act uh was the operative uh law now when appellant appellee removed not the sullivans but when ecm removed because of that and because the declaratory judgment is procedural the ever care case is clear that based on the erie doctrine it automatically converts over to the federal declaratory judgment but the net effect is is nil because whether under georgia law or federal law the sullivans had an absolute right to declaratory judgment here where they were fighting and defending themselves at the same time that they were trying to and had the ongoing right and the ongoing damage of providing their own defense because of the breach of contract that's not an advisory opinion that is that is not um in any way shape or form duplicative recovery now with respect to the uh motion for remand ever cash knew that they didn't have proper removal and here's why they knew it is because instead of just opposing the motion for remand with an opposition brief they also filed a motion to dismiss the declaratory judgment action before the federal district court and then requested in their opposition brief to remand a jurisdictional briefing uh that the court first take up the uh motion for uh to dismiss the declaratory judgment action because it was critical and on on the overall conclusion to remand it was it was absolutely saying uh the district court had to dismiss the declaratory judgment action first before its remand uh before its removal could stand that is in ever cash's own response brief in opposition to remand on page 12 it talks about how they respectfully request the district court to take up the dismissal of the declaratory judgment action because it necessarily is uh involves invokes and relates to and and the remand decision will be critically impacted by that so not only is it a blatant concession of the lack of diversity there in and of the pleading itself and as we all know that cases can't be removed to federal court that could have never been filed in federal court this case certainly couldn't have been filed in federal court initially it took fighting on the declaratory judgment action and removing uh after they got rid of the declaratory judgment action and it also flies in the face of the eerie doctrine all right miss ferrell thank you very much we appreciate the argument by both of you thank you your honor thank you all bye